IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

        Plaintiff,

v.                                                  No. 1:25-cv-00483-KG-GJF

UNITED STATES OF AMERICA,
FEDERAL DRUG ENFORCEMENT AGENCY,
KRISTIN TAMAYO, NICOLAS ROMERO,
JOHN DOES, UNITED STATES DEPARTMENT OF JUSTICE,
BEN MINEGAR, NEW MEXICO OFFICE OF THE
SUPERINTENDENT OF INSURANCE, ALICE KANE and
MICHAEL FRICKE,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The Court dismisses this case without prejudice because Plaintiff, who is proceeding *pro se*, has failed to comply with Court Orders regarding payment of the filing fee and amending the Complaint.

**Payment of the Filing Fee**

United States Magistrate Judge Gregory J. Fouratt notified *pro se* Plaintiff that federal law requires parties instituting any civil action to pay a fee[1] and ordered Plaintiff to either pay the fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See* Order to Cure Deficiency, Doc. 6, filed May 28, 2025 (notifying Plaintiff that failure to timely pay the $405.00 fee or file a Long Form Application may result in dismissal of this case). Judge Fouratt also notified Plaintiff that the Guide for Pro Se Litigants, which the Clerk's Office mailed to Plaintiff on May 23, 2025, contains the Long Form Application. *See* Order to Cure Deficiency at 2. Plaintiff

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

did not pay the fee or file a Long Form Application. Instead, Plaintiff filed a *Short* Form Application. *See* Doc. 8, filed May 30, 2025.

Judge Fouratt then ordered Plaintiff to file a Long Form Application and notified Plaintiff that failure to timely file a Long Form Application *or* failure to follow all instructions in the Loong Form Application may result in denial of Plaintiff's motion to proceed *in forma pauperis*. *See* Second Order to Cure Deficiency, Doc. 9, filed June 2, 2025. Judge Fouratt also notified Plaintiff that "failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case." Second Order to Cure Deficiency at 2. Plaintiff filed a Long Form Application but did not follow the instructions on the Long Form Application. *See* Doc. 10, filed June 4, 2025. Instead, Plaintiff crossed-out sections of the Long Form Application, wrote "n/a" on four of the five pages of the Long Form Application and wrote "already pd for case & dismissed w/o prejudice" and "I have already paid fees of 405.00 in Jan 2025. I believe I should not have to pay another fee." Doc. 10 at 1,5.

Judge Fouratt notified Plaintiff that:

> Plaintiff incorrectly states "already pd for case & Dismissed w/o prejudice" and "I have already paid fees of 405.00 in Jan 2025. I believe I should not have to pay another fee." Doc. 10 at 1, 5. Plaintiff is apparently referring to *Gardner v. United States*, No. 1:25-cv-00198-KWR-JFR ("*Gardner I*") (dismissed without prejudice on March 26, 2025; Plaintiff paid the filing fee on February 26, 2025). Although this case asserts claims against the same Defendants and involves the same facts as in *Gardner I*, this is a new case separate from *Gardner I*. Plaintiff must pay a separate filing fee for each case he files. *See* 28 U.S.C. § 1914 (requiring parties instituting any civil action to pay the filing fee and any additional fees).

Order to Show Cause at 2, Doc. 12, filed June 6, 2025 ("Second Order to Show Cause"). Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case due to Plaintiff's failure to comply with the Court's Second Order to Cure Deficiency. *See* Second Order to Show

2

Cause at 2. Plaintiff did not show cause why the Court should not dismiss this case due to Plaintiff's failure to comply with the Court's Second Order to Cure Deficiency by the June 27, 2025, deadline.[2]

**Amending the Complaint**

After reviewing the Complaint, Judge Fouratt notified Plaintiff of the following deficiencies:

(i) It appears that Plaintiff's claims pursuant to the Federal Tort Claims Act ("FTCA") against DEA, DOJ and the individual Federal Defendants should be dismisses because the United States is the only proper defendant in a federal tort claims action;

(ii) The Complaint does not contain sufficient allegations showing that Plaintiff has exhausted administrative remedies, which is a jurisdictional prerequisite to bringing an FTCA claim against the United States;

(iii) Construing Plaintiff's claims against the federal Defendants pursuant to 42 U.S.C. § 1983 as *Bivens* claims, it appears the *Bivens* claims should be dismissed, *Bivens* applies only in limited cases and the United States Supreme Court has set forth a two-step analysis to determine whether courts should provide a damages remedy pursuant to *Bivens*;

(iv) The Complaint fails to state claims pursuant to 42 U.S.C. § 1983 against Defendant New Mexico Office of the Superintendent of Insurance ("OSI") and Defendants Kane and Fricke, who are employees of the OSI, in their official capacities because arms of the state and state officials acting in their official capacities are immune for Section 1983 damages suits;

---

[2] Plaintiff electronically filed a Response to the Court's first Order to Show Cause regarding failure to state claims and amendment of the Complaint. *See* Doc. 17, filed June 24, 2025. The docket entry indicates that the Response relates to both the first Order to Show Cause and the Second Order to Show Cause regarding the filing fee. The Response does not discuss Plaintiff's failure to pay the filing fee or file a Long Form Application.

(v)     The Complaint fails to state claims against some of the Defendants because it does not clearly explain what each Defendant did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated.

(vi)    The Complaint fails to state a claim pursuant to 18 U.S.C. § 1001, False statement, because 18 U.S.C. § 1001 is a criminal statute and does not provide for a private civil cause of action;

(vii)   The Complaint fails to state a claim pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") because HIPAA does not create a private right of action for alleged disclosures of confidential medical information; and

(viii)  It appears the issues in this case involve common questions of law and fact as the issues in *Gardner I*, and that this case should be joined or consolidated with *Gardner I*.

Order to Show Cause, Doc. 7, filed May 30, 2025. Judge Fouratt ordered Plaintiff to: (i) show cause why the Court should not dismiss Plaintiff's claims; (ii) file an amended complaint that attempts to cure the deficiencies identified above; and (iii) show cause why the Court should not join or consolidate this case with *Gardner I*. *See* Order to Show Cause at 10 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).

Plaintiff's Response to the Order to Show Cause addresses the FTCA exhaustion requirement and states Plaintiff agrees the Court should join or consolidate this case with *Gardner I*. Plaintiff['s] Response to Show Cause Order, Doc. 17, filed June 24, 2025. Plaintiff has not shown that he has fully exhausted administrative remedies to bring his FTCA claim. Plaintiff states he filed his tort claim on February 11, 2025. *See* Response at 2. A plaintiff cannot bring an FTCA claim until the agency denies the claim or if the agency fails to make a final disposition within six months after the claim is filed, which in this case would be August 11, 2025. *See* 28 U.S.C. § 2675(a).

4

Plaintiff did not comply with Judge Fouratt's Order to show cause why the Court should not dismiss Plaintiff's other claims. Plaintiff also did not comply with Judge Fouratt's Order to file an amended complaint. Plaintiff states that if this case is not consolidated with *Gardner I*, "Plaintiff would request leave to amend the complaint" and "Plaintiff would need directions of the court in which the ruling would be to combine the cases first; then he would amend the complaint accordingly." Response at 2-3. The Court denies Plaintiff's request for "directions." "A district court [] cannot give legal advice but can only rule on legal issues presented to it." *United States v. Gibbs*, 2025 WL 560636, *3 ("10th Cir.).

**Case Dismissal**

If Plaintiff disagrees with any of Judge Fouratt's Orders, the proper procedure to resolve the disagreement is for Plaintiff to file a timely objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. As discussed above, Plaintiff has repeatedly failed to comply with Court Orders in this case.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether

5

the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to Defendants resulting from dismissal of this case because Defendants have not yet appeared in this case. Plaintiff's failure: (i) to pay the filing fee or file a Long Form Application; (ii) to show cause why his claims should not be dismissed; and (iii) to file an amended complaint interferes with the judicial process. This case cannot proceed until Plaintiff: (i) pays the filing fee or is granted leave to proceed without prepaying the filing fee;[3] and (ii) shows cause why the Court should not dismiss the claims in his original complaint or files an amended complaint that states claims over which the Court has jurisdiction. The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective. Despite Judge Fouratt notifying Plaintiff that failure to pay the filing fee or file a Long Form Application and failure to timely file an amended complaint may result in dismissal of this case, Plaintiff did not pay the filing fee, file a properly completed Long Form Application, show cause why the Court should not dismiss the claims in the original Complaint or file an amended complaint. The Court finds that

---

[3] Federal law requires that a party instituting a civil action pay a filing fee and such additional fees as are prescribed by the Judicial Conference of the United States. *See* 28 U.S.C. § 1914. The Court may authorize the commencement of a civil action without prepayment of fees only if the party submits an affidavit stating that the party is unable to pay such fees and includes a statement of all assets the party possesses. *See* 28 U.S.C. § 1915(a)(1). The Long Form Application includes an affidavit and prompts plaintiffs to indicate the monthly amounts of various sources of income, value of assets, monthly amount of expenses and any other information that will help explain why plaintiff cannot pay the costs of the proceedings.

dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage with no answers or Rule 12 motions having been filed.

**IT IS ORDERED** that:

(i)  This case is **DISMISSED without prejudice.**

(ii)  The following pending motions are **DENIED as moot:**

    (a)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 8, filed May 30, 2025; and

    (b)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 10, filed June 4, 2025.

/s/_____
KENNETH J. GONZALES[4]
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.